Rivera, J.P.
(dissenting). On the instant appeal, the plaintiff
argues, and my colleagues in the majority conclude, that the jury verdict finding that the defendant City of New York was negligent, but that the negligence was not a substantial factor in causing the subject accident, is irreconcilably inconsistent. I respectfully disagree.
On July 18, 2003, at approximately 8:20 a.m., the plaintiff allegedly was injured when she tripped and fell while walking on a sidewalk located at Union Street in Brooklyn. She commenced the instant action against, among others, the City, alleging that the accident had been caused by its negligent failure to maintain and repair the sidewalk.
At a jury trial, the plaintiff testified that, on the date of the alleged accident, she was walking on Union Street, with her two sons, then ages 10 and 12, when she observed a ladder on the left side of the sidewalk that “blocked [her] walk.” She “guided” her children “away from the ladder.” As she did so, she tripped and fell. On direct examination, the plaintiff stated that she tripped on a “raised part of the sidewalk.” She further stated that after she “got up and looked back,” she observed that the sidewalk was “all patched and there was a hole in it.”
During cross-examination, the plaintiff testified that she did not see the specific location upon which she tripped at any time prior to the incident. She admitted that, prior to her fall, she was paying attention to her children and was “not looking down.” The “first time” she saw the purported condition where she tripped was after she “got up off the ground.” The plaintiff further testified that immediately before she tripped, she was not running, not “walking very fast,” and not “in a rush.” She estimated that she landed approximately 10 feet away from where she initially tripped.
*763 The plaintiff was asked whether the cause of her fall was a “raised sidewalk,” a “hole,” or a “crack,” because all of those possible conditions had been previously referred to by her or her counsel. The plaintiff replied, “[fit’s all three . . . there was a hole with a raised part of the sidewalk. And that’s where I tripped first. And then there was a lot of raised cracks and repair right next to it.” Thereafter, the plaintiff was asked, “[a]nd did your foot come into contact with all those things you just described?” The plaintiff responded, “I can’t be sure. I was moving quickly.”
At the conclusion of the trial, the jury returned a verdict finding that the City was negligent, but that its negligence was not a substantial factor in causing the accident. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. The Supreme Court denied the plaintiffs motion. Consistent therewith, a judgment was entered in favor of the City and against the plaintiff dismissing the complaint.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 134 [1985]). “ ‘A jury’s finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause’ ” (Stewart v Marte, 91 AD3d 754, 755 [2012], quoting Garrett v Manaser, 8 AD3d 616, 617 [2004]; see Spero v Awasthi Ltd. Partners, 106 AD3d 988 [2013]; Coma v City of New York, 97 AD3d 715 [2012]; DeSalvo v Kreynin, 95 AD3d 819 [2012]). “ ‘[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view’ ” (Coma v City of New York, 97 AD3d at 715-716, quoting Bonomo v City of New York, 78 AD3d 1094, 1095 [2010]; see Jankauskas v Sandberg, 71 AD3d 1090, 1091 [2010]; Casella v City of New York, 69 AD3d 549, 551 [2010]).
Here, notwithstanding the plaintiff’s contention on appeal, the jury’s verdict was not contrary to the weight of the evidence. The evidence did not preponderate so heavily in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746). Moreover, the issues of negligence *764 and proximate cause were not inextricably interwoven. On the contrary, the jury verdict can be easily reconciled with a reasonable view of the evidence, and the City is entitled to the presumption that the jury adopted that view (see Bonomo v City of New York, 78 AD3d at 1094-1095). The jury could have reasonably concluded that while the City negligently failed to repair the subject sidewalk, the accident was completely unrelated to, or not caused by, any defect in the sidewalk (see Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership, 90 AD3d 1676, 1677 [2011]). “ ‘Although proximate cause can be established in the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury, mere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action’ ” (Racines v Lebowitz, 105 AD3d 934, 934 [2013], quoting Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435 [2006]). The trial transcript reveals that the plaintiff was unable to identify the specific cause of her accident without engaging in speculation. The plaintiff testified that the “first time” she saw the purported condition that caused her to trip was after she “got up off the ground,” upon landing approximately 10 feet away from where she allegedly tripped. It is very telling that when the plaintiff was asked whether her foot came into contact with all of the three purported conditions referred to by her or her counsel, she stated “I can’t be sure. I was moving quickly.”
Additionally, “ ‘[i]t is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses’ ” (Soto v Elmback Owners, LLC, 106 AD3d 986, 986 [2013], quoting Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Lopreiato v Scotti, 101 AD3d 829, 830 [2012]). The jury’s determination to resolve questions of credibility against the plaintiff was supported by a fair interpretation of the evidence. The jury has spoken and I see no basis to disturb its determination.